# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LAJESSICA R. MAYO                                                          PLAINTIFF

v.                      No. 4:18-CV-574-DPM-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                  DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition (Recommendation) has been sent to Judge D.P. Marshall Jr. Either party may file written objections if they disagree with its findings or conclusions. Objections should be specific and should explain the factual or legal basis for the objection. To be considered, objections must be filed within 14 days. Parties risk waiving the right to appeal questions of fact if they do not file objections.

## I.  Background

Lajessica Mayo applied for social security disability benefits with an August 25, 2015 onset date. (R. at 92). After a hearing, the administrative law judge (ALJ) denied Ms. Mayo's application (R. at 21), and later, the Appeals Council denied her request for review. (R. at 1). The ALJ's decision, therefore, stands as the Commissioner's final decision. Ms. Mayo filed this case requesting judicial review.

## II.  The Commissioner's Decision

The ALJ found that Ms. Mayo had the following severe impairments: degenerative disk disease; bilateral carpal tunnel syndrome; fibromyalgia; chronic pain syndrome; chondromalacia; seizure disorder; major depressive disorder; bipolar disorder; post-

traumatic stress disorder; and obesity. (R. at 12). The ALJ found, nevertheless, that Ms. Mayo had the residual functional capacity (RFC) to perform light work, with the following additional limitations: she could not climb ladders, ropes, or scaffolds; could not perform lower extremity foot control operations; could not perform work with hazards or at unprotected heights; could no more than frequently perform handling duties; must be able to use a cane as needed to access her workstation on level ground; was limited to simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete and can be learned within thirty days; no more than occasional changes to the workplace setting; and no required interaction with the general public. (R. at 15). Ms. Mayo had no past relevant work. (R. at 19).

The ALJ heard testimony from a vocational expert (VE), who testified that a person of Ms. Mayo's age, with her education, work experience, and RFC could perform jobs in the national economy, such as price marker or production assembler. (R. 20). The ALJ concluded, therefore, that Ms. Mayo was not disabled. (R. at 21).

### III. Discussion

Ms. Mayo urges reversal of the ALJ's decision because he failed to fully and fairly develop the record; improperly found that her impairments were controlled with medication; mistakenly stated that she had received only conservative treatment; and failed to include limitations related to her moderate deficiencies in concentration, persistence, and pace.

In this appeal, the Court will review the decision to determine whether the ALJ committed legal error and determine whether the ALJ's findings are supported by

substantial evidence in the record as a whole. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

An ALJ has a duty to fully and fairly develop the record independent of the claimant's burden to press her case. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). "This duty includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue." *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004). The ALJ's obligation to seek additional evidence is triggered, however, only if a critical issue is underdeveloped. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).

In this case, there is no evidence in the record from a treating or examining source that addresses the effect of Ms. Mayo's physical impairments on her ability to work. The Commissioner cites *Hensley v. Colvin*, 829 F.3d 926 (8th Cir. 2016) to support her argument that no opinion evidence is necessary to support an ALJ's decision. The Commissioner is correct that opinion evidence is not necessarily required, but there must

be some evidence from a treating or examining source addressing how a claimant's impairment limits her abilities to perform work-related activities. *Strongson*, 361 F.3d at 1071–72. Notably, in *Hensley*, the record was not entirely lacking a physician assessment of that claimant's physical limitations. The record included a letter from one of the claimant's treating physicians addressing the claimant's physical limitations, although the letter was not in the form of a medical source statement or formal opinion. *Hensley*, 829 F.3d at 932.

> Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). The ALJ "may not simply draw his own inferences about plaintiff's functional ability from medical reports." *Strongson*, 361 F.3d at 1070.

*Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)

In this case, the ALJ necessarily interpreted Ms. Mayo's medical records to determine her RFC because the record lacked an examining physician's assessment. The record did include opinions from non-examining, consulting state agency doctors—and the ALJ gave those opinions some weight—but those made up the only opinion evidence in the record. Non-examining physician opinions, standing alone, are normally insufficient to support an ALJ's decision. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). In fairness, the ALJ did not rely heavily on the state agency doctors' opinions but, in the absence of other medical opinion evidence, the ALJ was left to his own inferences and interpretation of the medical evidence. None of the treatment records establish the

limitations imposed by Ms. Mayo's impairments. For that reason, the ALJ's RFC determination lacks the adequate support.

## IV. Conclusion

The ALJ failed to fully and fairly develop the record. For this reason, the case should be REVERSED and REMANDED with instructions to develop the record as necessary by re-contacting treating physicians or ordering consultative examinations.

Dated this 19th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE